UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

RANDY WALGAMUTH,                )
                                )
         Petitioner,            )
                                )
    v.                          )    CAUSE NO. 3:06-CV-0779 TS
                                )
VANNATTA,                       )
                                )
         Respondent.            )

**OPINION AND ORDER**

Petitioner Randy Walgamuth filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for aggravated battery and neglect of a dependent. Mr. Walgamuth's petition establishes that he was convicted of these offenses in the Marshall Superior Court on December 12, 2001, that the Indiana Court of Appeals affirmed his conviction on August 26, 2002, and that the Indiana Supreme Court denied transfer on October 22, 2002. Mr. Walgamuth states that he filed a petition for writ of habeas corpus in this court on July 27, 2004, cause number 3:04cv488 AS, but later filed a motion to withdraw his petition without prejudice. The court granted his request for leave to withdraw his petition without prejudice on September 27, 2004.[1] He filed the present petition on November 21, 2006.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death

---

[1] Although he describes this case as a "28 U.S.C. § 2254 - Writ of Habeas Corpus + Prisoners Complaint 42 U.S.C. § 1983," (Petition at p. 3), the docket of 3:04cv488 AS establishes that that case was a § 1983 action, and was not a habeas corpus action.

Penalty Act of 1996, ("AEDPA"), a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which (1) the judgment became final by the conclusion of direct review; (2) a state created unconstitutional impediment to appeal was removed; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that a properly filed state application for post-conviction relief or other collateral review tolls the statute of limitations. The statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4 ,5 (2000).

"This one-year period commences on 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Johnson v. McCaughtry*, 265 F.3d 559 at 562 (7th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(1)(A)). Mr. Walgamuth's statute of limitations began to run on January 20, 2003, and ended on January 20, 2004, unless the statute was tolled by a subsequent state court proceeding.

Mr. Walgamuth asserts that he filed an earlier petition for writ of *habeas corpus*, which was dismissed without prejudice. It does not appear that 3:04cv488 AS was a habeas action, but even if it was, it did not toll the statute of limitations. In *Duncan v. Walker*, 533 U.S. 167, 181 (2001), the Supreme Court said, "[w]e are convinced that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition." Moreover, even if 3:04cv488 AS could have tolled the statute of limitations, it was filed on July 27, 2004, after the statute of limitations had already expired.

Mr. Walgamuth's petition and its attached exhibits establish that his petition for writ of habeas corpus was filed beyond the one-year statute of limitations established by Section 2244(d)(1), and that the statute of limitations was not tolled by any subsequent filing. His request for a writ of

habeas corpus must, therefore, be dismissed on its face based on Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

Accordingly, for the reasons stated in this order, the court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED on December 18, 2006.

/s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION